# Exhibit 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re: : Chapter 11
:
21st CENTURY ONCOLOGY HOLDINGS, INC., *et al.*,[1] : Case No. 17-22770 (RDD)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------------x

### ORDER GRANTING IN PART THE REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 175 FILED ON BEHALF OF ANDREW L. WOODS

Upon the objection, dated June 29, 2018 (the "Claim Objection") pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 of 21st Century Oncology Holdings, Inc. and its affiliated reorganized debtors (the "Reorganized Debtors") to Claim No. 175 (the "Claim") filed on behalf of Andrew L. Woods ("Woods") and the Claim based upon Woods' Amended and Restated Executive Employment contract with Radiation Therapy Services Inc., d/b/a 21st Century Oncology, dated as of May 13, 2013 (the "Employment Agreement"); and the Bankruptcy Court having jurisdiction to decide the Claim Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered all of the parties' pleadings, including the submissions made after the August 28, 2018 hearing on the Claim Objection (the "Hearing"); and upon the record of the Hearing; and in accordance with the Bankruptcy Court's *Memorandum of Decision* dated January 11, 2019 [Docket No. 1291] (the "Decision"); and upon consideration of the *Notice of Partial Withdrawal of the Unresolved Portion of the Reorganized Debtors' Objection*

---

[1] Each of the Reorganized Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth in the Order Directing Joint Administration of Chapter 11 Cases [Docket No. 30]. The location of 21st Century Oncology Holdings, Inc.'s corporate headquarters and the Reorganized Debtors' service address is: 2270 Colonial Boulevard, Fort Myers, Florida 33907.

*to Claim No. 175* filed by the Reorganized Debtors and dated January 31, 2019 [Docket No. 1301] (the "Notice of Withdrawal"); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Claim Objection is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 502(b)(7), Woods' incentive bonus under ¶ 3(b)(i) of the Employment Agreement is capped at one million dollars ($1,000,000).

3. Pursuant to 11 U.S.C. § 502(b)(7), Woods' incentive bonus under ¶ 3(b)(ii) of the Employment Agreement is capped at one million five hundred thousand dollars ($1,500,000).

4. As a result of the Notice of Withdrawal, whereby the Reorganized Debtors' withdrew the portion of the Woods Objection not resolved by the Decision, Woods is entitled to an incentive bonus under ¶ 3(b)(iii) of the Employment Agreement.

5. Pursuant to 11 U.S.C. § 502(b)(7), Woods' incentive bonus under ¶ 3(b)(iii) of the Employment Agreement is capped at one million five hundred thousand dollars ($1,500,000).

6. In accordance with 11 U.S.C. § 502(b)(2), there is no allowed claim for postpetition prejudgment interest on any portion of Woods' Claim.

7. In accordance with 11 U.S.C. § 502(b)(7), there is no allowed claim for any prejudgment interest on any portion of Woods' Claim that is capped.

8. Prepetion prejudgment interest at the applicable Florida law rate is allowed on the non-capped portion of the Claim, *i.e.*, the portion of the Claim that was due and owing before or on the Employment Agreement's termination date, without acceleration.

9. Woods is not entitled to reimbursement from the Reorganized Debtors of any attorneys' fees, including those incurred in connection with any portion of the Claim that the Reorganized Debtors did not dispute.

10. On January 21, 2019, Woods filed a Notice of Appeal of the Decision to the United States District Court for the Southern District of New York (the "District Court"). Whether Woods is entitled to reasonable postpetition attorneys' fees related solely to the portion of Woods' claim for an incentive bonus under ¶ 3(b)(iii) of the Employment Agreement that was due and owing before or on the Employment Agreement's termination date, without acceleration, and therefore not capped under 11 U.S.C. § 502(b)(7), will be determined, if and as necessary, upon remand from the District Court.

11. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 31, 2019            /s/Robert D. Drain
    White Plains, New York           THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE